## GROESBECK *v.* MAYER.

*Taxation—Action to sell realty to pay taxes and penalty—*
*Jurisdiction unaffected by defective description on dupli-*
*cate and in advertisement.*

The court acquires jurisdiction over the subject-matter of an
action by the county to sell real estate to pay taxes and
penalties, although the description of the premises to be
sold, both on the tax duplicate and in the advertisement,
is defective, in that the number of feet is not correct in
two instances, where the lines so described go to definite
fixed points which control and the description is not
such as will mislead either the owner or the prospective
purchaser, and where the owner had for several years
paid the taxes on the premises upon the same defective
description as is now complained about and therefore
could not have been misled by such description.

(Decided June 18, 1923.)

ERROR:   Court of Appeals for Hamilton county.

*Messrs. Waite, Schindel & Bayless* and *Mr. Her-*
*bert Shaffer,* for plaintiff in error.
*Messrs. Nichols, Morrill, Stewart & Ginter,* for
defendant in error.

BUCHWALTER, J.   The action in the Court of
Common Pleas asked that the title be quieted, and
for other relief.   Judgment was for the defendant.
Plaintiff below, now plaintiff in error, brings this
proceeding to reverse that judgment.

The amended petition sets forth that in 1895
Mary B. Stone became the owner of an undivided
one-third interest in the real estate in question by

Taxation, 37 Cyc., p. 1065.

deed from her father; that on March 25, 1919, she executed and delivered to Glendenning B. Groesbeck, the plaintiff, a quitclaim deed, whereby she remised, released and quitclaimed to plaintiff all of her estate, title and interest in such premises; that defendant, Theodore Mayer, claims an interest in the premises adverse to plaintiff's estate, in that he claims to hold a deed executed to him by the sheriff of Hamilton county, Ohio, on or about the 18th day of May, 1918, which deed was duly recorded; that said deed, which was executed and delivered to Mayer pursuant to an attempted sale of the real estate by the county for the payment of taxes and penalties, is invalid, void and a cloud upon plaintiff's title; that during the years 1911 to 1916, inclusive, taxes and penalties were illegally charged upon the tax duplicate against such premises, in that the description of the premises on the auditor's duplicate, and as advertised and attempted to be sold, was improper and incorrect; that the premises were not accurately and correctly described in accordance with the provisions of the General Code of Ohio.

No question is raised as to the regularity of the suit filed by the treasurer of the county for the sale of the premises, nor as to the regularity of the order of sale and execution of the deed by the sheriff. The only contention is that the auditor failed to properly describe the premises on the duplicate; that, therefore, the levy was invalid and void, and all proceedings had thereafter were illegal and without effect.

It was also averred that the defendant unlawfully kept the plaintiff out of possession.

A decree was asked adjudging defendant's in-

terest in the premises to be null and void, that plaintiff's title be quieted, and for other relief.

The amended answer denies that the taxes and penalties were illegally assessed, admits the execution and delivery of the sheriff's deed to Mayer, which it avers was recorded on August 1, 1918, and claims that all proceedings were regular.

For a second defense it is alleged that Mary B. Stone refused to pay the taxes, allowing them to become delinquent, and failed to assert title to the property, although with full knowledge of the proceedings to sell, and that she is therefore guilty of laches.

For a third defense, defendant asserts that Mary B. Stone had been divested of all title to the real estate and could not transfer any title to plaintiff; that the pretended quitclaim deed from her to Groesbeck casts a cloud upon defendant's title.

There is a prayer for dismissal of plaintiff's action, and that defendant's title be quieted.

A reply was filed denying the affirmative allegations of the answer.

The plaintiff's claim is that the court did not have jurisdiction over the subject-matter, for the reason that no valid tax lien existed; that the description of the property on the tax duplicate, and in the advertisement, was improper and not according to the provisions of the General Code, and that a tax upon property so erroneously described did not constitute a valid levy.

The action appears to be one to quiet title, yet plaintiff in his amended petition alleges:

"Defendant unlawfully keeps plaintiff out of possession of said property and withholds possession of said premises from the plaintiff."

Without possession, plaintiff could not maintain an action to quiet title, as he claims neither an estate in reversion or remainder. General Code, Section 11901; *Barnitz* v. *Sebelin*, 17 C. C., N. S., 521; *Harlan* v. *Veidt*, 28 O. C. A., 401; *Landis* v. *Marsh*, 14 C. C., N. S., 157.

Allegations are made which contain the necessary averments in an action in ejectment, and yet an action in ejectment could not be maintained unless the judgment in the tax sale and the deed were first set aside.

At best, the petition is an equitable action to set aside the judgment claimed to be void because based on a void tax lien, in consequence of which the court was without jurisdiction to sell the premises.

Plaintiff designates it as an action in equity in the nature of an equitable ejectment.

When there is jurisdiction of a person and the subject-matter, a judgment is conclusive until reversed. That the court acquired jurisdiction of the person in the action for the enforcement of the lien and sale of the premises does not seem to be open to doubt. The defendant was a non-resident. Service was made by publication in conformity with Sections 2667 and 11292, General Code, and the publication itself is not attacked, except that if there was no lien service could not be made by publication.

The only question is as to the jurisdiction of the court, in that suit, over the subject-matter. If no jurisdiction was acquired, such judgment might be attacked in this action. The action brought by the treasurer, in which the real estate was sold, was based on delinquency in the pay-

ment of taxes. If the taxes were not properly assessed on the premises, then no delinquency in payment could occur. The fact of delinquency is the ultimate fact whereby the court acquires jurisdiction over the subject-matter, and without delinquency, there would be no jurisdiction in that action.

Sections 5553 and 5554, General Code, provide that the auditor "shall make a correct and pertinent description of each tract," and "shall determine * * * the true value of each separate tract."

The object of the provision that the tax duplicate shall contain a correct and pertinent description of each parcel taxed is stated in Black on Tax Titles, Section 112:

"First, it is designed to inform the owner of the claim upon his property; secondly, that if the taxes are not paid, intending purchasers may know what property will be offered for sale; and thirdly, that a proper deed may be made to the vendee."

The taxes on this property had been paid from 1895 to 1910, inclusive, by Mary B. Stone, or her agent, upon the same description as is now complained about. The plaintiff was one of the firm representing Mary B. Stone as agent for the payment of these taxes, so that Mary B. Stone, the owner of the premises, at the time of the tax suit could not have been misled as to the description, nor was there any serious defect in the description of the premises in the deed. The number of feet is not correct in two instances, but the lines so described go to a definite fixed point which controls.

Numerous cases are cited as to insufficient description of real estate on the tax duplicate, and,

in each case, the court held that the description would not support a lien, but in the description in each there was not sufficient certainty to point out the land in question, so that prospective purchasers could know or learn of the precise tract intended to be sold. In each of these cases a part of a larger tract was designated, but there was no description as to what part of such tract was intended; or else the description was so inaccurate that the parcel in question could not be located.

We do not consider that the description herein was so vague or faulty as to mislead either the owner or prospective purchasers.

As to the other points raised, we find no error in the conclusions of law reached by the trial court.

There being no error prejudicial to the plaintiff in error the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

CUSHING and HAMILTON, JJ., concur.