FRANK v. CORCORAN et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1708. Decided June 28, 1926

480. EVIDENCE—The rule that admission of evidence in reference to statements made by a party to a collision, whether or not he carried liability insurance is erroneous, is not applicable so as to render incompetent conversations discussing liability insurance.

YOUNG, J.

Clara Corcoran brought this action in the Lucas Common Pleas against her brother-in-law George Frank and one Roy St. John for personal injuries as a result of a collision between the automobile of St. John and that of her brother-in-law, in which she was riding at the time. A verdict of $5000 was rendered in favor of Corcoran against Frank; and the jury found that neither Frank nor St. John could recover from the other on their cross-petitions. Judgment was rendered accordingly and Frank prosecuted error; urging among other things that it was error to allow the introduction of evidence of certain statements with reference to whether or not he carried liability insurance. The Court of Appeals held:

1. The rule is well settled in Ohio that the admission of testimony of this kind is clearly erroneous. 20 App. 268.

2. This rule must not be applied so as to render conversations incompetent for the sole reason that liability insurance was discussed by the parties.

3. Testimony on this point covered conversations at the time of collision; and the court ruled out the testimony complained of, Frank was in no way prejudiced.

4. The charge as a whole was not prejudicial to Frank; and if Corcoran will consent to a remittitur of $1000, judgment will be affirmed as modified; otherwise it will be reversed.

Judgment accordingly.

Attorneys—Smith, Baker, Effler & Eastman for Frank; F. A. Carabin & George S. Moss for Corcoran; all of Toledo.

---

No. 747

BRECK v. ROLLAWAY MOTOR CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1690. Decided June 7, 1926

714. LIABILITY—Where an accident is caused by sudden detachment of the steering wheel, and theories are put forth by each party, either of which may prove likely; but the record does not tend to show liability on part of defendant, a judgment directing a verdict in defendant's favor will be affirmed.

RICHARDS, J.

The "Lokwell Wheel" was manufactured by the Rollaway Motor Co. and Theodore Breck had one installed in hsi machine about Oct. 1, 1922. On Nov. 13, 1926, while driving around a curve in the road at a moderate rate of speed, the steering wheel suddenly came off the steering post, the car left the road, and Breck was seriously injured.

Upon trial in the Lucas Common Pleas, Breck sought to recover damages for his injuries and the court directed a verdict in favor of the Motor Co. Error was prosecuted, Breck claiming that the accident occurred because of an inherent defect in the wheel which caused a misfit on the post resulting in the wheel suddenly coming off; and that it is liable for damages resulting from the defective device. The Court of Appeals held:

1. The testimony of the mechanic who installed the wheel was that the work was carefully done and inspected; and that the wheel fitted tight.

2. The only question is whether the wheel became detached by reason of its negligent construction by the Motor Co.

3. Nothing in the record shows what caused the wheel to become detached from the steering post; and there is no evidence tending to show that the Motor Co. had knowledge of any defect in the wheel.

4. It has been suggested on one side that the wheel may have been detached weeks before the accident; and on the other side that it may have been detached because of the misfit.

5. One theory is as good as another; but in any event the record falls short of establishing the liability of the Company.

Judgment therefore affirmed.

Attorneys—Johnson, Johnson & Farber for Breck; Fraser, Hiett, Wall & Effler for Company; all of Toledo.