CHITLIK, APPELLANT, *v.* ALLSTATE INS. CO., APPELLEE.

(No. 31897—Decided June 7, 1973.)

*Mr. Edward Chitlik,* for appellant.
*Mr. Frederic E. Kramer,* for appellee.

KRENZLER, J. Plaintiff, Laurence D. Chitlik, a resident of Greenbelt, Maryland, filed an action in the Common Pleas Court of Cuyahoga County, alleging that the defendant, Allstate Insurance Company, had in full force and effect a contract of insurance with Herbert Janssen and Margaret Janssen as insured, in which Allstate agreed to pay for the insured all damages which the insured shall be legally obligated to pay because of bodily injury sustained by any person, and injury to or destruction of property, arising out of the ownership, maintenance or use of an automobile.

Plaintiff further alleged that the defendant's insured, Margaret Janssen, was operating her motor vehicle in the City of Baltimore, and because of her negligence she caused serious injury to the plaintiff and his property.

Plaintiff further alleged that the defendant acknowl-

edged liability of its insured and paid directly to the plaintiff $2,232.85 in settlement of property damage claims only. The plaintiff reserved his rights for reimbursement for personal injuries until the extent of said injuries was fully determined.

The plaintiff further stated that Margaret Janssen is legally obligated to pay the plaintiff $15,000 as compensation for his personal injuries, loss of earnings, medical costs, pain and suffering, etc., and because the defendant admitted its liability by paying the property damage, and further admitted that the plaintiff is a third party beneficiary of the contract of insurance between the defendant and its insured, Margaret Janssen, the plaintiff is entitled to and seeks the sum of $15,000 as damages, plus $50,000 as punitive damages for constructive fraud, plus attorney's fees.

The defendant filed a motion to dismiss the complaint because there was no jurisdiction over the subject matter, no jurisdiction over the person and the complaint fails to state a claim upon which relief can be granted.

The trial court granted the defendant's motion to dismiss and entered judgment for the defendant.

Plaintiff has appealed the trial court's judgment of dismissal.

The assignment of error of the plaintiff appellant is that the trial court erred in granting the defendant appellee's motion to dismiss the plaintiff appellant's claim for the two reasons stated above: that the trial court has jurisdiction over the subject matter and the person of the defendant appellee, and that the complaint states a claim for which relief may be granted.

The principal issue in this appeal is whether an injured person may sue the alleged wrongdoer's liability insurer directly, without first obtaining a judgment against the insured. Under Civil Rule 8(A), a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. If an injured party must first obtain judgment against the tortfeasor before suing the insurance company, then appellant's complaint does not

state a claim showing that he is entitled to relief and the complaint was correctly dismissed by the trial court.

Appellant argues that since he was injured through the negligence of Allstate's insured, he is a third party beneficiary of the liability insurance contract between Allstate and its insured, and therefore he may maintain an action against Allstate based on that contract.

Appellee, Allstate, on the other hand, argues that appellant's action is properly based upon Janssen's negligence, which is a tort, and must be brought against the alleged wrongdoer; and that an action may only be maintained against the insurer after a judgment is had against its insured, pursuant to R. C. 3929.05 and R. C. 3929.06.

As a general practice when an automobile accident results in personal injury the injured party will seek compensation from the person he believes is at fault. Assuming the alleged wrongdoer has liability insurance, by the terms of the normal policy he would be required to give the insurer notice of the claim against him and the insurer would then have a duty to settle or defend against the claim. In attempting to negotiate a settlement, and in deciding whether to settle, the insurance company owes a duty to its insured to exercise good faith. *Wasserman* v. *Buckeye Union Casualty Co.* (1972), 32 Ohio St. 2d 69.

If the case is not settled the insurer will provide counsel to represent the insured at trial, and if the plaintiff's demand is for an amount in excess of the limits of the insurance policy the insured may decide to be represented by additional counsel of his own choosing.

In the trial of the case the fact that the defendant is covered by liability insurance is deemed irrelevant and not admissible in evidence; and the disclosure of this fact at any time is prejudicial to the defendant. *Emrick* v. *Penna. Rd. Y. M. C. A.* (1942), 69 Ohio App. 353; *Frank* v. *Corcoran* (1926), 25 Ohio App. 356.

Rather than proceed in this normal and traditional fashion appellant chose to bring an action directly against Allstate based on the insurance contract as a third party beneficiary.

A third party beneficiary is one for whose benefit a promise has been made in a contract but who is not a party to the contract.

Subject to certain qualifications, Ohio cases have held that a third party beneficiary may maintain an action based upon the contract which contains the promise for his benefit. *Rhorbacher* v. *Citizens Building Association* (1941), 130 Ohio St. 273; *Union Savings and Loan Company* v. *Cook* (1933), 127 Ohio St. 26; *Trimble* v. *Strother* (1874), 25 Ohio St. 378, 381.

The third party need not be named in the contract, as long as he is contemplated by the parties to the contract and sufficiently identified. Nor need the third party accept the contract, or even acknowledge its existence. *Emmitt* v. *Brophy* (1884), 42 Ohio St. 82; *Leyman* v. *Piggly-Wiggly Corp.* (1951), 90 Ohio App. 506, but it must be shown that the contract was made and entered into with the intent to benefit the third person. A mere incidental or indirect benefit is not sufficient to give him a right of action. *Visintine and Co.* v. *Railroad Co.* (1959), 169 Ohio St. 505; see also, Williston, *Contracts*, Chapter XIV; Restatement of the Law of Contracts, Chapter 6. Examples of cases in which a third party may enforce a provision in the contract made for his benefit include: a contract whereby one corporation takes over the assets and assumes the liabilities of a second corporation (*Leyman Corp.* v. *Piggly-Wiggly Corp., supra*); a contract for a sale of a bridge whereby the seller promises to pay all claims, liens, and debts against the bridge (*Emmitt* v. *Brophy, supra*); a joint and survivorship bank account created by one person solely out of his funds (*Rhorbacher* v. *Citizens Building Association, supra*); an exclusive territorial sales agency contract with anti-infringement clauses for the protection of the manufacturer's other dealers (*Johnston* v. *Franklin Kirk Co.* (1925), 83 Ind. App. 519, 148 N. E. 177; *Kessler* v. *Haile Motor Co.* (1926), 217 N. Y. S. 182).

Except for a passing mention in dictum in *Visintine and Co.* v. *Railroad Co.* (1959), 169 Ohio St. 505, 507, there is no Ohio case which refers to a liability insurance policy as a

third party beneficiary contract. In fact, in *Alms* v. *Doepke* (1954), 98 Ohio App. 78, 81, just the opposite is stated. In numerous cases from other jurisdictions liability insurance contracts are likened to or referred to as contracts for the benefit of a third person; *e. g., Peterson* v. *Western Casualty and Surety Co.* (1967), 19 Utah 2d 26, 425 P. 2d 769; *Philadelphia Forrest Hills Corp.* v. *Bituminous Cas. Corp.* (1966), 208 Pa. Super. 461, 222 A. 2d 493; *Binswanger* v. *Employers' Liability Assurance Corp.* (1930), 224 Mo. App. 1025, 28 S. W. 2d 448. But the majority of such cases involve actions against the insurer after a judgment had been obtained by the injured person against the insured. Also, in such cases the policy contained a provision permitting actions against the insurer by a judgment creditor of the insured. In these cases the third party beneficiary analysis was used to support the injured party's right to sue the insurer after a judgment against the insured. In Ohio this analysis is not needed for that purpose since the direct action against the insurer after judgment is authorized by statute. R. C. 3929.05 and 3929.06.

In *Eberhard* v. *Aetna Ins. Co.* (1928), 235 N. Y. S. 445, the third party beneficiary analysis was specifically held not to apply to liability insurance policies.

We are of the opinion that in the absence of statute or special provision in the policy, a standard liability insurance policy is not a contract for the benefit of a third person. The contract is made with the intention of benefiting the insured, not someone whom he injures.

In Ohio there is substantial authority that the injured person must sue the alleged tortfeasor first. *Alms* v. *Doepke* (1954), 98 Ohio App. 78; *Fire Association* v. *State Automobile Mutual Insurance Co.* (1938), 29 Ohio Law Abs. 135; *Canen* v. *Kraft* (1931), 41 Ohio App. 120; *Steinbach* v. *Maryland Casualty Co.* (1921), 15 Ohio App. 392.

We therefore hold that personal injury actions must first be brought by the injured party against the alleged tortfeasor. He is the one whose wrongdoing is alleged to have caused the injury, and if the facts are found as alleged, he will be primarily liable. Further, the policy of

excluding any reference to the existence of insurance in an action to determine liability for personal injury would be circumvented by permitting the injured person to sue the insurance company and could constitute a prejudicial or harmful effect against the insurer.

The injured party may, of course, proceed against the insurer after obtaining judgment against the insured, under R. C. 3929.06. Such a procedure is well recognized and established and does not prejudice the right of the injured party in any way. Even if the injured party were permitted to sue the insurer directly he would obtain little advantage since the same elements would have to be proved as in an action against the insured, namely: negligence, proximate cause and damages; and the same defenses—contributory negligence, assumption of risk, etc., would be available to the insurer. Our holding therefore involves no unfairness to the injured person.

In effect, in order to recover against the insurer in a third party beneficiary suit all of the evidence would be the same, except the parties would be different and the jury, if the case were tried before a jury, would know that there was an insurance company involved.

Appellant also argues that since the insurer settled the property damage claim, it admitted and acknowledged liability, and this permitted the plaintiff to sue the insurer directly for injury to his person. This argument is not well taken. The reasons set out above requiring that an injured person sue the insurer directly only after he obtains a judgment against the insured, apply equally in the foregoing situation.

When a person against whom a claim is brought makes a settlement with the claimant, such person does not thereby acknowledge liability. *Hillyer* v. *City of East Cleveland* (1951), 155 Ohio St. 552. Further, even if Allstate's settlement were an admission of liability, the value of the injuries suffered by appellant would still need to be determined in an action against the alleged tortfeasor.

Therefore, payment of a claim for property damage is not tantamount to obtaining a judgment against the

insured which would permit the injured person to sue the insurer under R. C. 3929.05 and 3929.06. Nor is it considered a waiver of any type which would also permit direct action against the insurer.

Appellant's assignment of error is not well taken and the judgment of the trial court is affirmed.

The appellee also argued in the trial court that the complaint should be dismissed for the reason that the court had no jurisdiction of the person of the defendant. For the reasons already stated appellant's complaint failed to state a claim for relief and this is sufficient reason for the trial court's order dismissing it.

Inasmuch as the plaintiff's complaint does not state a claim for which relief may be granted, it was properly dismissed, and therefore the issue of jurisdiction need not be considered.

*Judgment affirmed.*

SILBERT, P. J., and COOK, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.