[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Landowners Clyde and Tay Brewer appeal from a summary judgment rendered against them in their action for damages against subcontractors. The landowners contend that the trial court erred by granting summary judgment because there is a genuine issue of material fact whether they are third-party beneficiaries with respect to contracts between the subcontractors and the general contractor. The landowners also contend that the trial court abused its discretion by permitting one of the subcontractors to amend its complaint to include affirmative defenses. Finally, the landowners contend that that subcontractor is liable by virtue of a letter of responsibility given by that subcontractor to the general contractor.
We conclude that the trial court appropriately granted summary judgment because the landowners were not parties, nor were they privy, to the contracts with the subcontractors, and they were not intended to be third-party beneficiaries of the contracts. Furthermore, there is no evidence in the record that the letter of responsibility given by one of the subcontractors to the general contractor was intended to give the landowners rights as intended beneficiaries. Because we conclude that no genuine issue of material fact exists with respect to the landowners' claims against the subcontractors, we find it unnecessary to decide whether the trial court abused its discretion in permitting one of the subcontractors to amend its answer to include affirmative defenses; that subcontractor is entitled to summary judgment without having to rely upon any affirmative defense. Accordingly, the judgment of the trial court is Affirmed.
 I
Plaintiffs-appellants Clyde and Tay Brewer entered into a contract with Doug Sargent Construction, Inc. for the construction of a home. During the course of construction, it was determined that the basement foundation would be constructed of eight-foot poured walls with two feet of cement block placed upon the poured walls. Sargent contracted orally with defendant-appellee J.P. Masonry, Inc., to place the block on the poured wall foundation. Thereafter, in March, 1995, J.P. Masonry laid twenty-four inches of masonry consisting of three layers of cement blocks on the walls.
While laying the blocks, employees of J.P. Masonry found rebar sticking out of the wall foundation. According to the president of J.P. Masonry, some of the rebar had to be bent or cut in order to lay the cement blocks. According to the Brewers, this method of construction resulted in damage to the foundation. They claim that they "were aware of problems with respect to the block construction and insisted upon some assurances before [J.P. Masonry] was paid." Thereafter, Sargent required Patrick Hale, president of J.P. Masonry, to sign a "Letter of Responsibility." The "Letter of Responsibility," which was signed by Hale on July 18, 1995 reads as follows:
 J.P. Masonry including its owners, officers completely and without prejudice accept all responsibility of their work which consisted of foundation block labor. The location of the project which the labor was performed is 10476 Germantown Middletown Road, Germantown, Ohio.
 The undersigned accepts all responsibility for any work required to correct, repair, replace any or all parts connected to the foundation. Costs consist of direct and indirect.
In the meantime, on May 5, 1995, Sargent contracted orally with H R Concrete to perform backfilling around the foundation. An employee of H R Concrete backfilled approximately a one-foot gap surrounding the Brewer residence on May 6, 1995. According to the deposition of Hershel Williams, president of H R Concrete, he later received a call from Sargent indicating that the foundation wall was leaning inward. He testified that when he arrived on the site, he observed about an inch crack between the poured wall and the cement block.
On January 13, 1997, the Brewers filed a complaint against H R Concrete and J.P. Masonry, alleging breach of contract and negligence, in which they sought to recover damages for repair of the dwelling.[1] Both defendants filed motions for summary judgment, which were granted by the trial court on the grounds that no privity existed between the Brewers and the defendants and that the Brewers were not intended third-party beneficiaries of the contract between Sargent and the defendants. From this judgment the Brewers appeal.
 II
The Brewer's First Assignment of Error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS WHERE THE PLAINTIFFS WERE THE IDENTIFIED AND INTENDED THIRD PARTY BENEFICIARIES OF A CONTRACT.
The Brewers contend that the trial court erred by granting summary judgment in favor of H R Concrete and J.P. Masonry. In support, they argue that the trial court wrongfully required privity of contract despite the fact that they were the intended third-party beneficiaries of the contracts between the contractor and the sub-contractors. Based upon their status as third-party intended beneficiaries, the Brewers assert that they have the right to relief for breach of the contracts. The Brewers also argue that despite the lack of a direct contractual relationship, they are entitled to hold the subcontractors liable for their negligent work, which resulted in tangible physical harm. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v.Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70.
"Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio." Mergenthal v. Star Banc Corp. (July 28, 1997), Warren App. No. CA96-10-107, unreported, citing, Thornton v. Windsor House,Inc. (1991), 57 Ohio St.3d 158, 161.[2] There is no allegation that the Brewers were parties to either the contract executed by H R Concrete or by J. P. Masonry. Furthermore, we have noted that "courts have long recognized that, without something more, a landowner and subcontractor are not in privity of contract." Booher Carpet Sales, Inc. v. Erikson (Oct. 2, 1998), Greene App. No. 98-CA-0007, unreported. The question to be resolved then is whether, as the Brewers argue, they were the intended third-party beneficiaries of the contracts.
"* * * Third-party beneficiaries have the rights of parties in privity of contract and thus may bring suit for breach of contract * * *." Waterfield Mortg. v. Buckeye State Mut. Ins. Co. (Sep. 30, 1994), Miami App. No. 93-CA-53, unreported. "The third party need not be named in the contract; however, to recover on a breach of contract claim, `it must be shown that the contract was made and entered into with the intent to benefit the third person.'"Kappes v. Village of Moscow (May 4, 1998), Clermont App. No. CA97-09-078, unreported, citing Chitlik v. Allstate Ins. Co.
(1973), 34 Ohio App.2d 193, 196. This "intent to benefit" test, adopted by the Ohio Supreme Court in Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, provides that "there must be evidence, on the part of the promisee, that he intended to directly benefit a third party, and not simply that some incidental benefit was conferred on an unrelated party by the promisee's actions under the contract." TRINOVA Corp. v.Pilkington Bros., P.L.C. (1994), 70 Ohio St.3d 271, 277-78. Furthermore, "there must be evidence that the promisee assumed a duty to the third party." Id. "Those cases which have construed whether a contract was made for the direct or incidental benefit of a third party have looked necessarily to the language of the contract to make this determination." Lin v. Gatehouse Constr.Co. (1992), 84 Ohio App.3d 96, 100.
If A and B enter into a contract whereby A agrees to pay B to construct a house for C, it is clear that C is an intended beneficiary. Likewise, if a subcontractor and general contractor enter into a contract which specifies that the subcontractor is to assume the same responsibilities toward the owner as the responsibilities imposed upon the general by reason of its contract with the owner, it is clear that the owner is a third-party beneficiary to the contract. See Point EastCondominium Owners' Ass'n, Inc. v. Cedar House Assoc. (1995),104 Ohio App.3d 704.
Because the contracts between the general contractor and the subcontractors were not written contracts, we obviously cannot look to their language to infer the intent of the parties. However, we find no evidence in the record that supports the Brewers' assertion that either H R Concrete or J.P. Masonry intended to benefit the Brewers. There is no allegation that the subcontractors expressed any intent to benefit the Brewers or any other third-party. The Brewers did not submit an affidavit of the general contractor to suggest that the subcontractors entered into the oral agreements with the intent to benefit the Brewers. Instead, the Brewers rely upon their assertion that they were intended third-party beneficiaries simply because the subcontractors knew that the house was being built for them. In the absence of evidence of intent, we cannot infer intent on the part of the subcontractors based upon broad, conclusory assertions regarding the mere knowledge of the subcontractors regarding the ownership of the home. Therefore, we find that the Brewers were merely incidental, rather than intended, beneficiaries of the contracts.
Next, the Brewers argue that the lack of privity is not relevant to this action because the actions of the subcontractors caused tangible physical harm to the residence. In support, they cite Floor Craft Floor Covering, Inc. v. Parma Community Gen.Hosp. Assn. (1990), 54 Ohio St.3d 1, for the proposition that "lack of privity of contract does not bar recovery for tangible damages in tort, in contrast to purely economic losses." They also claim that Floor Craft recognized decisions in which privity is not required when a sufficient nexus exists between the third party and a contracting party as to render the beneficiaries both specific and identifiable in number.
In Floor Craft, a flooring contractor entered into a contract with a hospital to install vinyl floor covering in a renovation project. Id., at 2. The hospital had entered into a separate contract with an architect whereby the architect prepared plans and specifications for the renovation project, including the installation of vinyl flooring. Id. After installing the floor, the contractor noted that the vinyl was "bubbling," and had to be replaced. Id. The contractor brought suit against the architect to recover damages incurred by reason of correcting the problem on the basis of its allegation that the architect had specified flooring and sealant that was incompatible with the construction methods utilized in the project. Id. The Supreme Court, in holding that the contractor could not recover against the architect stated that "[i]n the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications." Floor Craft, at paragraph one of the syllabus.
We do not find the Brewers' argument persuasive. First,Floor Craft is specifically limited to design professionals rather than subcontractors. Second, the portion of the opinion upon which the Brewers rely is found in the dissent. Third, the "nexus" language contained in the opinion was based upon a prior case dealing solely with the liability of an accountant in a malpractice action, and did not purport to address the issue in this case. See Haddon View Investment Co. v. Coopers Lybrand
(1982), 70 Ohio St.2d 154.
Furthermore, the subcontractors hired to work on the house being built for the Brewers were not members of the general public wandering upon, and causing damage to, the Brewers' premises. To the contrary, they were subcontractors hired by the general contractor, which had authority to do so, to work on the house. Their allegedly tortious acts were not independent of, and cannot be separated from, their performance of their contracts with the general contractor, which had the authority, even if not exercised, to supervise and to control their work.
We conclude that the trial court did not err by rendering summary judgment in favor of the subcontractors with regard to the oral agreements. Accordingly, the First Assignment of Error is overruled.
 III
In their Second Assignment of Error, the Brewers assert that:
 THE TRIAL COURT ERRED IN CONCLUDING THAT A "LETTER OF RESPONSIBILITY" DID NOT IMPOSE CONTRACTUAL OBLIGATIONS UPON A SUBCONTRACTOR OWED TO A HOMEOWNER.
The Brewers contend that the trial court erred in finding that the letter of responsibility signed by Patrick Hale, as owner of J.P. Masonry, Inc., was not an enforceable contract and that the Brewers were not the intended beneficiaries of the letter.
The only evidence regarding the execution of the letter is found in Mr. Hale's affidavit and deposition and in the affidavit of Clyde Brewer. According to Mr. Hale's affidavit, he signed the letter "for the sole reason that [he] was told J.P. Masonry, Inc. would not be paid for its completed work unless and until the letter was signed." In his deposition, Mr. Hale agreed with the statement that the contractor told him that he would not be paid unless he signed the letter. Hale further averred, in his affidavit, that no consideration was given as an inducement to sign the letter.
Clyde Brewer's affidavit contains the following allegation:
 That after the completion of block placement by the employees of J.P. Masonry, Inc., my wife and I objected to the appearance and workmanship and insisted that they not be paid until assurances were obtained that the work had been done properly. Thereafter, Patrick Hale of J.P. Masonry, Inc. signed the "Letter of Responsibility" guaranteeing his work against problems of any type whatsoever associated with the basement wall. It was our specific understanding that the "Letter of Responsibility" was signed for our benefit on behalf of J.P. Masonry, Inc. in order that J.P. Masonry, Inc. could represent and guarantee to us personally that the wall was not defective.
The trial court found that the "record demonstrates that the letter of responsibility was not a part of the original contract, and that no consideration was given which would permit the letter to constitute a separate enforceable contract." The trial court also found that the Brewers failed to demonstrate that they were the intended third-party beneficiaries of the letter.
Even if we were to find that the letter does meet the minimum requirements for a contract, we agree with the trial court's finding that the Brewers are not entitled to enforce that contract. First, the Brewers do not claim that they are parties to the contract. Second, based upon our discussion in Part II, above, we cannot conclude that the Brewers were in privity with the parties to the contract, or that they were intended third-party beneficiaries of the contract. The contract does not expressly state that it is intended to benefit anyone other than the parties to the contract; i.e., the contractor and J.P. Masonry. Without more, we cannot rely upon the "understanding" of a person not a party to the contract in determining the intent of the parties to the contract. Had the contractor's affidavit contained an averment that J. P. Masonry was expressly informed that the letter was for the benefit of the Brewers, we would be able to find that a question of fact existed regarding the intent of the letter.
Based upon the failure to present evidence that J.P. Masonry intended to benefit the Brewers by executing the Letter of Responsibility, we conclude that the trial court did not err by rendering summary judgment in favor of J.P. Masonry. Accordingly, the Brewers' Second Assignment of Error is overruled.
 IV
The Brewers' Third Assignment of Error is as follows:
 THE TRIAL COURT IMPROPERLY ALLOWED DEFENDANT LEAVE TO AMEND ITS ANSWER AFTER DISCOVERY WAS COMPLETED AND MOTIONS FOR SUMMARY JUDGMENT WERE FILED.
The Brewers contend that the trial court erred by permitting J.P. Masonry to amend its answer to include the affirmative defenses of economic duress and lack of consideration.
We need not reach this issue. Neither of the defenses asserted in the amended complaint have any bearing on our conclusion that the defendants were entitled to judgment as a matter of law. Accordingly, even if the trial court abused its discretion in permitting J.P. Masonry to amend its answer, that error was harmless.
Accordingly, the Brewers' Third Assignment of Error is overruled.
 V
All the Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Gary J. Leppla
Thomas B. Bruns
Christopher F. Johnson
Brian L. Wildermuth
Hon. Dennis Langer
[1] Sargent obtained a discharge in bankruptcy and is not a party to this action.
[2] Besides bringing a action for breach of contract, the complaint filed by the Brewers also alleged negligence. "As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of contractual relations, he must be a party or privy to the contract in order to prevail." Vistein v. Keeney (1990),71 Ohio App.3d 92, 106, citing Poteet v. Rudy (July 14, 1980), Montgomery App. No. 6681, unreported. This court has held that if the plaintiff fails to show that he is a party to a contract, or in privity with a party, he fails to establish the existence of a duty owed to him by the defendant. Toman v. Pennsylvania R. Co.
(1943), 39 Ohio Law Abs. 32, 51 N.E.2d 231. The Brewers contend that the subcontractors were negligent in the performance of the work which they performed solely by reason of their contracts with the general contractor. While the complaint does allege that the defendants violated duties other than those based upon contract, they fail to specify in any pleading, the basis for asserting any such duties. Therefore, we conclude that any tort claims are based upon duties that allegedly arose as a result of contractual relations, and the Brewers must show that privity or third-party beneficiary status in order to hold the subcontractors liable for negligence.