DECISION
Plaintiff-appellant, Gwendolyn Long, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her complaint against defendant-appellee Dorothy M. Lindsey.
The facts of the case are not in dispute. Appellant was a passenger in a vehicle operated by appellee. Their vehicle was struck by another vehicle operated by James Estep. Estep was at fault in the accident.
Appellant subsequently discovered that Estep was uninsured, and attempted to recover from appellee's uninsured motorist carrier, Allstate Insurance Company ("Allstate"). Appellant has at no time alleged that appellee was negligent or otherwise at fault in the accident. When appellant and Allstate were unable to settle her uninsured motorists claim, appellant filed suit. Rather than suing Allstate directly, however, appellant named appellee as defendant. The trial court then granted appellee's motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. The court found that Ohio law does not recognize a cause of action against a named insured for recovery of benefits under the insured's uninsured motorists coverage.
Appellant has timely appealed and brings the following two assignments of error:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS ON THE BASIS THAT APPELLANT FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED[.]
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS APPELLANT'S COMPLAINT, BECAUSE THIS DECISION IS IN DIRECT CONFLICT WITH THE INTENT OF THE UNINSURED MOTORIST STATUTE, BEING OHIO REVISED CODE SECTION 3937.18[.]
Appellant's two assignments of error present interrelated issues and will be addressed together. As stated above, appellant's complaint in this action in no way alleges that appellee was at fault in the accident. To the contrary, the complaint alleges that the negligence of the tortfeasor, James Estep, was the proximate cause of the accident.
Appellant's amended complaint accordingly alleges negligence on the part of the tortfeasor Estep, damages sustained by appellant, and the existence of uninsured motorist coverage pursuant to a policy of insurance issued by Allstate to appellee. The complaint does not name Allstate as a defendant, nor specify a theory of recovery from Allstate. On appeal, appellant argues that, as a mere "incidental" beneficiary of the Allstate uninsured motorist coverage, she cannot bring her action directly against Allstate, but must rely on appellee to enforce the contract of insurance on appellant's behalf. Appellant's brief further argues that appellee's obligation to appellant arises out of contract. Appellant relies heavily on the case of Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193, which holds that an injured party cannot directly sue the insurer of a tortfeasor, because the injured party is not a third-party beneficiary of a liability insurance contract.
Because Chitlik involved liability coverage, rather than uninsured or underinsured motorists coverage, that case is inapposite. Furthermore, appellant can point to no contractual obligation between appellee and appellant to provide uninsured motorists coverage, and neither the facts of the case nor appellant's complaint in any manner suggests that appellee bears any liability to appellant in tort.
Under the terms of the Allstate policy at issue, appellant became an "additional insured" under the uninsured motorist coverage when she occupied an insured vehicle as a passenger. As an additional insured, appellant was no longer a mere incidental beneficiary, or even an intended beneficiary, but an insured with the right to sue the insurer directly. This is the commonly accepted practice in Ohio. However, no authority can be found to directly state this rather axiomatic proposition. Nonetheless, the hundreds, if not thousands, of uninsured motorists cases addressed by the courts alone over the years have proceeded as actions brought by an injured party directly against the uninsured motorist carrier. No case has been presented by appellant, nor has our own research disclosed any, in which the action proceeded against the named insured under the policy, who was otherwise not at fault.
Appellant having failed to present any theory under which recovery from appellee as a defendant was proper or enforceable, the trial court did not err in dismissing appellant's complaint. Appellant's first and second assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
______________________________________ DESHLER, J.
BRYANT, P.J., and TYACK, J., concur.