[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This action arises out of a car accident on October 16, 1997. Doug Boguszewski was driving a rental car during the course of his employment with North American Roofing Co. ("NAR"). Daniel Pfeifer, a passenger in Boguszewski's car, was injured as a result of the accident. Boguszewski's primary insurance carrier was Globe American Casualty Co. ("Globe"), and he had acquired supplemental insurance from Enterprise Rent-A-Car ("Enterprise").
In an amended complaint filed in 1998, Pfeifer and Kathy and Dennis Kelly (Pfeifer's parents) filed claims against Boguszewski, NAR, and Enterprise for injuries sustained by Pfeifer as a result of the automobile accident. Kathy and Dennis Kelly later voluntarily dismissed their claims, and Boguszewski voluntarily dismissed his claim against NAR. State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion to intervene and a cross-claim. The trial court dismissed State Farm's intervening complaint against NAR. The remaining claims and parties included the following: (1) Pfeifer's negligence claim against Boguszewski and Enterprise, (2) Pfeifer's recklessness claim against Boguszewski, and (3) State Farm's subrogation claims against Boguszewski and NAR and cross-claim against Pfeifer.[1]
In August 2000, Pfeifer, Boguszewski, and Enterprise entered into mediation. It is undisputed that Globe was not present at the mediation hearing. Pfeifer and Enterprise apparently reached a settlement whereby Pfeifer was to receive $590,000 in consideration for the release of all claims against Enterprise and Boguszewski. A copy of the settlement agreement is not in the record, nor is there anything releasing Boguszewski and Enterprise from the claims against them.
A few days after reaching the settlement agreement with Boguszewski and Enterprise, Pfeifer sought to accept a proposed settlement with Globe, which evidently had been offered in March 1998, in exchange for a full and final release of any claims against Boguszewski. Globe rejected the acceptance as untimely and as lacking in consideration, because Boguszewski had already been released from liability pursuant to the terms of the $590,000 settlement agreement. Thereafter, Pfeifer filed a motion to compel Globe to honor its settlement offer, arguing that Pfeifer had relied on Globe's offer when he decided to settle with Enterprise. The trial court granted Pfeifer's motion to enforce the settlement with Globe, and ordered Globe to pay Pfeiffer $12,500. This appeal ensued.
In its sole assignment of error, Globe maintains that the trial court erred in enforcing its settlement offer, because acceptance was untimely and because Globe was not a party to the mediation negotiations with Enterprise and Boguszewski.
Before addressing the merits of the issues raised for our review, wesua sponte consider a threshold jurisdictional problem. Ohio law provides that the courts of appeals in this state have jurisdiction to review only the final orders or judgments of inferior courts within their district.[2] An order adjudicating one or more but fewer than all of the claims or the rights and liabilities of fewer than all of the parties must meet the requirements of R.C.2505.02 and Civ.R. 54(B) to be final and appealable.[3]
We first consider whether the order appealed from here is "final" as defined in R.C. 2505.02.[4] Under R.C. 2505.02, a final order or judgment is one that affects a substantial right and, in effect, determines the action or prevents a judgment. Upon our review, we conclude that ruling on Pfeifer's motion to enforce the settlement agreement with Globe is a final order. The ruling effectively enforces Pfeifer's rights under the settlement proposed by Globe. Second, the ruling determines the action between Pfeifer and Globe. Although we note that the complaint had not been amended to include Globe as a party, Globe has, at this point, waived the issue of personal jurisdiction by failing to raise it below.[5]
Having determined that the ruling is final, its appealability depends upon its Civ.R. 54(B) certification. It is within the trial court's discretion to determine that an immediate appeal is consistent with the interest of sound judicial administration and the avoidance of piecemeal appeals.[6] While this court should not substitute its judgment for that of the trial court, there must be some competent and credible evidence supporting the trial court's factual findings on appealability.[7]
In this case, we are not satisfied that the record supports the determination necessary for a Civ.R. 54(B) certification: that an immediate appeal is consistent with the interests of judicial economy because the viability of Pfeifer's claim against Globe is dependent on his claim against Boguszewski. Essentially, the claims against both Boguszewski and Globe have common factual and legal predicates. R.C.3929.06 provides that, in order to assert a direct claim against Globe, Pfeifer must first obtain a judgment against Boguszewski and then await the passage of a time provided by statute before filing a motion to compel Globe to satisfy the judgment.[8] The record before us does not demonstrate that Pfeifer has obtained a judgment against Boguszewski or that the claims against Boguszewski have been dismissed pursuant to the terms of the $590,000 settlement agreement. Without a determination in the record as to the claims against Boguszewski, we conclude that the interests of judicial economy would be frustrated by Globe's immediate appeal. While we recognize that this result creates a legal conundrum for Globe, who has already been ordered to pay Pfeifer $12,500, we cannot assert jurisdiction over Globe's appeal until the claims against Boguszewski are legally resolved. Accordingly, we hold that the Civ.R. 54(B) certification was improvidently made, and this appeal is suasponte dismissed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] In September 1999, State Farm filed a motion for summary judgment on its cross-claim against Pfeifer, and the trial court held the summary- judgment motion in abeyance either until the Ohio Supreme Court ruled on Senate Bill 20 or until the trial was about to commence.
[2] See generally Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02.
[3] See Noble v. Colwell (1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus.
[4] See Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,354, 617 N.E.2d 1136, 1138.
[5] See Civ.R. 12(H)(1).
[6] See Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352,354-355, 617 N.E.2d 1136, 1138.
[7] See id. at 355, 617 N.E.2d at 1138, citing Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 451 N.E.2d 1273.
[8] See Chitlik v. Allstate Ins. Co. (1973), 34 Ohio App.2d 193,197-198, 299 N.E.2d 295, 298.