DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Fraternal Order of Eagles Aerie 2232, and Appellants Patricia, William, and Josh Shelton filed separate appeals from the judgment of the Adams County Court of Common Pleas which found in favor of Plaintiff-Appellee State Auto Mutual Insurance Company on its request for declaratory judgment.
 {¶ 2} We dismiss the appeal of Appellants Patricia, William, and Josh Shelton because they lack standing. And, we disagree with the argument presented in the appeal of Defendant-Appellant Fraternal Order of Eagles Aerie 2232, because we find the judgment to be supported by the manifest weight of the evidence.
 {¶ 3} Accordingly, we affirm the judgment of the lower court.
 I. Proceedings Below {¶ 4} This is the second time we have addressed issues involving these parties on appeal. In order to provide context for the present appeal, we will briefly revisit the facts that gave rise to the first appeal. See Shelton v. Eagles FOE Aerie 2232 (Feb. 15, 2000), Adams App. No. 99CA678.
 A. The Initial Action and Appeal {¶ 5} In May 1997, Appellants Patricia and William Shelton visited the establishment owned and operated by Defendant-Appellant Fraternal Order of Eagles Aerie 2232 (FOE), in Adams County, Ohio.
 {¶ 6} Upon exiting the establishment, Ms. Shelton slipped and injured herself on unlighted stairs which provided the primary ingress and egress to the building.
 {¶ 7} Almost two years later, in May 1999, the Sheltons filed a negligence complaint against FOE. FOE never answered the Sheltons' complaint and the Sheltons filed a request for default judgment.
 {¶ 8} In June 1999, the trial court granted the Sheltons' request for default judgment, but did so solely on the issue of liability; the trial court reserved the determination of damages for a later hearing.
 {¶ 9} Shortly thereafter, FOE appealed the trial court's decision to this Court. Since the trial court had never ruled on the issue of damages, we declined to address the merits of the appeal because there was not a final appealable order.
 {¶ 10} Accordingly, the case was remanded to the trial court to hold a hearing, and issue a determination, on damages.
 {¶ 11} However, as will be explained below, this hearing would never come to pass, and, consequently, a final appealable order would never be issued in this case.
 B. The Declaratory-judgment Action {¶ 12} In October 1999, the insurer of FOE, Plaintiff-Appellee State Auto Mutual Insurance Company (State Auto), filed a separate complaint seeking declaratory judgment that it should be excused from indemnifying FOE, because FOE had failed to provide State Auto notice of the Sheltons' lawsuit, as set forth in the insurance policy.
 {¶ 13} Meanwhile, the Sheltons agreed to stay the damages hearing of their lawsuit, pending the outcome of the declaratory-judgment action.
 {¶ 14} In November 2001, the trial court issued its judgment entry and found in favor of State Auto.
 {¶ 15} Subsequently, FOE and the Sheltons filed separate appeals from that decision to this Court. We will address these appeals separately.
 II.Sheltons' Appeal {¶ 16} In their brief to this Court, the Sheltons assigned the following errors for our review.
 {¶ 17} First Assignment of Error: "The trial court erred to the prejudice of the appellants in finding that the actions of State Auto Mutual Insurance Co. in the handling of this claim were proper and prudent and without neglect; the trial court failed to properly apply the doctrine of waiver."
 {¶ 18} Second Assignment of Error: "The trial court erred to the prejudice of the appellants in refusing to allow appellants to call plaintiff's agents, Howard J. Wilson and Frederick E. Miller, as on cross-examination; further the trial court erred by refusing to review and consider the deposition transcripts of Howard J. Wilson and Fredrick E. Miller."
 {¶ 19} Third Assignment of Error: "The trial court erred to the prejudice of the appellants in finding that the insurance policy is clear and consistent in spite of its inaccuracy and ambiguities."
 {¶ 20} Fourth Assignment of Error: "The trial court erred to the prejudice of the appellants by finding that the insurance company did not have notice of the suit based on the facts and circumstances as proved at trial."
 {¶ 21} We decline to address this appeal on the basis that the Sheltons do not have standing to appeal from this judgment.
 {¶ 22} A prospective appellant must be able to demonstrate a present interest in the litigation and that he or she is directly prejudiced by the judgment appealed from. See, e.g., Ohio ContractCarriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160,42 N.E.2d 758; Fortner v. Thomas (1970), 22 Ohio St.2d 13, 257 N.E.2d 371.
 {¶ 23} Here, the case below was a declaratory-judgment action wherein the trial court held that State Auto should be excused from indemnifying FOE because FOE failed to comply with the terms of its policy with State Auto. All issues in this action concerned the contractual relationship between State Auto and FOE. While the yet-to-be-determined damages arise from the case brought by the Sheltons against FOE, the resolution of the declaratory-judgment action brought by State Auto in no way concerns issues litigated in the action brought by the Sheltons, i.e., liability for the injury Ms. Shelton sustained at FOE's establishment. Consequently, the Sheltons have no right to appeal from the decision of this case.
 {¶ 24} Moreover, it is well-settled that, "before an injured person can maintain an action against a tortfeasor's insurer, the injured person must first obtain a judgment against the insured." D.H. OvermyerTelecasting Co. v. American Home Assurance Co. (1986), 29 Ohio App.3d 31,502 N.E.2d 694; accord Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 299 N.E.2d 295. Here, not only was the declaratory action not brought by the Sheltons, but there was never a final appealable order in the initial action, because the Sheltons agreed to stay the remanded damages hearing.
 {¶ 25} As an aside, we note that the Sheltons maintain that, even if they do not have standing, it is "absurd on any level of fair play," to dismiss their appeal because they were named in the complaint and because, according to them, they were treated by the trial court as defendants.
 {¶ 26} These alleged irregularities are simply immaterial to our finding because standing is an issue of jurisdiction. See, generally,Mueller v. Atlas Constr. (Oct. 25, 1996), Montgomery App. No. 15755. Thus, even assuming, arguendo, that these irregularities occurred, such errors do not somehow transform the Sheltons into proper appellants before this Court.
 {¶ 27} For the foregoing reasons, we dismiss the appeal of the Sheltons.
 III. FOE's Appeal {¶ 28} FOE failed to properly set forth an assignment of error in its brief as required by App.R. 16(A). Appellate courts may summarily reject a brief that is not compliant with the Rules of Appellate Procedure. See Hawley v. Ritley (1988), 35 Ohio St.3d 157, 519 N.E.2d 390; accord Contel Credit Corp. v. Rosenblatt (1988), 43 Ohio App.3d 113,539 N.E.2d 708; Hubbard v. Laurelwood Hosp. (1993), 85 Ohio App.3d 607,620 N.E.2d 895.
 {¶ 29} However, in the interest of justice, we shall review the argument presented in FOE's brief as if it was properly presented to us in the form of an assignment of error. See Vlahos v. Spina
(May 26, 1998), Butler App. No. CA97-02-028.
 {¶ 30} FOE, in the opening paragraph of its brief to this Court, stated the following: "The Decision of the trial court was against the manifest weight of the evidence. Defendant/Appellant Eagles believes that the decision of the trial court below, in granting declaratory judgment in favor of the Plaintiff insurance company, is against the manifest weight of the evidence."
 {¶ 31} After reading FOE's entire brief, we find that this excerpt is an adequate summary of FOE's argument and, therefore, we will construe it as FOE's sole assignment of error.
 {¶ 32} In reviewing the decision of a lower court, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." (Emphasis added.) C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus; see Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178.
 {¶ 33} In the present case, FOE concedes that they had failed to provide State Auto notice as set forth in the insurance policy, but argue, instead, that State Auto had been provided actual notice of the lawsuit.
 {¶ 34} FOE presented this very argument to the trial court and it was unconvinced. The trial court made a distinction between notice of a claim and notice of a lawsuit, and found that State Auto had notice of a claim resulting from Ms. Shelton's injury, but never had notice of the lawsuit.
 {¶ 35} Further, the trial court rejected FOE's argument that, had State Auto properly investigated the claim, they would have discovered the lawsuit. Besides discounting the testimony in this regard, the trial court noted that this argument does nothing in the way of establishing actual notice.
 {¶ 36} In sum, FOE's sole assignment of error amounts to a request for us to disregard the trial court's evaluation of the evidence and cast it in a new light. We decline this invitation.
 {¶ 37} "[W]here there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference tosuch findings and conclusions must be given by the reviewing court." (Emphasis added.) Myers v. Garson (1993), 66 Ohio St.3d 610, 614,614 N.E.2d 742; see City of Dayton v. Ronald J. Versic (Mar. 15, 1996), Montgomery App. No. 15223. As the Supreme Court of Ohio explained inSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able toview the witnesses and observe their demeanor, gestures and voiceinflections, and use these observations in weighing the credibility ofthe proffered testimony." (Emphasis added.) Id. at 80,461 N.E.2d at 1275.
 {¶ 38} Accordingly, we find ample competent and credible evidence supporting the findings and conclusions of the trial court. See Myers v.Garson, 66 Ohio St.3d at 614, 614 N.E.2d at 745.
 {¶ 39} FOE's sole assignment of error is overruled.
 IV. The Conclusion {¶ 40} For the foregoing reasons, we dismiss the appeal of the Sheltons and overrule the sole assignment of error presented in the appeal of FOE. Therefore, we affirm the judgment of the Adams County Court of Common Pleas.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellants costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby termi nated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Excep tions.
Abele, J., and Kline, J.: Concur in Judgment and Opinion.