DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Allstate Insurance Company ("Allstate"), appeals from the judgment of the Summit County Court of Common Pleas that found in favor of Appellee, Rebecca Calich. We reverse.
 I. {¶ 2} On March 26, 2001, Ms. Calich filed a complaint against Allstate asserting that it acted in bad faith in regard to an alleged "excess judgment" against the tortfeasor insured by Allstate. Thereafter, Allstate moved to dismiss, and Ms. Calich moved for summary judgment. The trial court denied Allstate's motion to dismiss and Ms. Calich's motion for summary judgment. Allstate then moved for summary judgment, and the trial court denied this motion. As such, the cause of action proceeded to a jury trial. During the trial, Allstate moved for a directed verdict at the close of Ms. Calich's case and after the close of all of the evidence. The trial court denied Allstate's motion for a directed verdict in both instances. The jury returned a verdict in favor of Ms. Calich, and it awarded compensatory and punitive damages. Allstate timely appeals, and it raises three assignments of error for review.
 ii. A. First Assignment of Error
"[Ms. Calich's] bad faith claim is without merit as a matter of law[.]"
 {¶ 3} In its first assignment of error, Allstate avers that Ms. Calich's bad faith claim lacks merit. In particular, Allstate supports this averment by articulating various rationales to discredit Ms. Calich's claim: (1) an insurance company need not settle with a party if the amount sought is unreasonable; (2) an insurance company need not settle until its liability is clear; (3) a claim of bad faith does not arise solely from an insurance company's failure to comply with an arbitrarily and unilaterally imposed deadline; and (4) an adjudicated excess judgment against the insurance company must exist before a claim of bad faith arises. Allstate additionally avers that the trial court erred when it failed to grant its motions for a directed verdict. We find that Allstate's averment, that, an adjudicated excess judgment against an insurance company must exist before a claim of bad faith arises, is dispositive of this assignment of error. As such, we need not discuss Allstate's other bases included within its assignment of error.
 {¶ 4} When determining whether an insurer has breached its duty to its insured to act in good faith, the courts must utilize the "reasonable justification" standard. Zoppo v. Homestead Ins.Co. (1994), 71 Ohio St.3d 552, 554. Under this standard, "`an insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor.'" Id. at 554-555, quoting StaffBuilders, Inc. v. Armstrong (1988), 37 Ohio St.3d 298, 303. Furthermore, a cause of action only arises against an insurer for failing or refusing to settle a claim brought against the insured for an amount within the policy limits, "so as to entitle the insured to recover for the excess of the judgment over the policy limit[, if the insurer has] been [found] guilty of * * * bad faith." Hart v. Republic Mut. Ins. Co. (1949),152 Ohio St. 185, 187-188. Accordingly, "implicit in bringing an action against an insurer for bad faith with respect to settling a claim within policy limits, is a requirement that there be an excess judgment against the insured." Romstadt v. Allstate Ins. Co. (C.A. 6., 1995), 59 F.3d 608, 611, citing Hart,152 Ohio St. at 187-188; Hoskins v. Aetna Life Ins. Co. (1983),6 Ohio St.3d 272, 276; Marginian v. Allstate Ins. Co. (1985),18 Ohio St.3d 345, 348.
 {¶ 5} In cases where an excess judgment has not been adjudicated, an agreed judgment between the insured and a third party is unenforceable against an insurer. See Chitlik v.Allstate Ins. Co. (1973), 34 Ohio App.2d 193, 198 (finding that despite a settlement between the tortfeasor and the claimant, "the value of the injuries suffered by [the claimant] would still need to be determined in an action against the alleged tortfeasor"); D.H. Overmyer Telecasting Co. v. Am. Home Assur.Co. (1986), 29 Ohio App.3d 31, 34 (stating that "[a]ny claims of bad faith negotiations by third-party claimants cannot be based on speculation, but must arise from adjudicated liability" (Emphasis added.)), citing Chitlik, 34 Ohio App.2d at 198. Therefore, it follows, that "where the insurer has * * * refused to settle [a] case, an injured third party cannot sue the insurer directly, or via assignment, for bad faith refusal to settle in the absence of an adjudicated excess judgment against the insured." (Emphasis omitted.) Romstadt, 59 F.3d at 615.
 {¶ 6} In the present case, Ms. Calich's counsel demanded a settlement from Allstate valued at the policy limits; the policy at issue had limits of $50,000 per person/$100,000 per accident. Specifically, he wrote, "I will provide you 30 days from today to offer the totality of your policy limits. * * * I do not intend to extend the 30 day time frame under any circumstance." Allstate did not offer Ms. Calich an amount equal to its policy limits within the time frame imposed by her counsel; consequently, Ms. Calich filed suit against the tortfeasor. Ultimately, Ms. Calich offered to settle with the tortfeasor by having the tortfeasor enter into a consent judgment for $1,060,000.00 and an assignment from the tortfeasor to Ms. Calich of all his claims against Allstate. Subsequently, the trial court accepted the consent judgment that was signed by Ms. Calich, her attorney, and the tortfeasor.
 {¶ 7} Although the record appears to indicate that Allstate may have possibly reviewed preliminary drafts and the final draft of the consent judgment, we find it necessary to note that the record does not indicate that Allstate participated in any way in the creation of the final consent judgment, in the derivation of the figure which Ms. Calich assigned to her claim, or in the ultimate approval of the consent judgment by the trial court. Ironically, the record does reveal that the parties that reaped a benefit from this manufactured consent judgment, namely, Ms. Calich, her attorney, the tortfeasor, and the tortfeasor's parents, participated in the creation of the final draft of the consent judgment and in the derivation of the figure to attach to Ms. Calich's alleged claim, as evidenced by their signatures on the entry.
 {¶ 8} Following the consent judgment and the assignment, Ms. Calich filed a complaint against Allstate and alleged it had acted in bad faith. However, the record reveals that at no time was an excess judgment adjudicated against Allstate. SeeRomstadt, 59 F.3d at 615. See, also, Chitlik,34 Ohio App.2d at 198; D.H. Overmyer Telecasting Co., 29 Ohio App.3d at 34. Consequently, without such an adjudicated excess judgment, Ms. Calich was unable to file a bad faith cause of action either directly, or via assignment, against Allstate. See Romstadt,59 F.3d at 615. Allowing the filing of such a bad faith claim can potentially encourage a judgment-proof tortfeasor to conspire with the plaintiff and enter an agreement for an astronomical sum with a full release to the tortfeasor. Even if the tortfeasor is not judgment-proof, he still escapes liability as a result of the full release. This result is extremely beneficial to the tortfeasor, who escapes liability, and to the plaintiff, who has the potential to gain a sum of money that greatly exceeds his or her actual injuries. Such a "manufacturing" of these bad faith claims, as between the tortfeasor and the plaintiff, puts an insurance company in a precarious situation, without a legitimate opportunity to properly protect itself from a bad faith claim. This Court will not promote the manufacturing of these bad faith claims. More importantly, an adjudicated excess judgment must exist, which evinces that an insurance company has been given a reasonable opportunity to protect its interests and rights. As such, we conclude that the trial court erred when it rendered its judgment in favor of Ms. Calich on her bad faith claim. Accordingly, Allstate's first assignment of error is sustained.
 B. Second Assignment of Error
"The jury should not have been instructed on punitive damages[.]"
 Third Assignment of Error
"The trial court should not have allowed jodee mull to provide hearsay testimony about her son's alleged damages[.]"
 {¶ 9} In light of our disposition in the first assignment of error, we need not address Allstate's second and third assignments of error, as these assignments of error are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 10} Allstate's first assignment of error is sustained, and its second and third assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
SLABY, P.J. concurs.