{¶ 37} I respectfully dissent. The trial court correctly ruled that appellee, Helen Verina, is an intended third party beneficiary under the bond issued by State Automobile Mutual Insurance Company. State Auto acknowledged that if the Board had finished a *Page 12 
non-compliant installation, State Auto would have to reimburse the Board under the bond. Since the Board does not own the non-compliant septic system, such completion would clearly be for Verina's benefit.
 {¶ 38} The bond specifically indemnifies against "any loss directly arising by reason of the failure to comply with the laws, ordinances, resolutions, rules, and regulations governing the business of Septic tank Installer in said Board of Health." "[I]f the promisee * * * intends that a third party should benefit from the contract, then that third party is an `intended beneficiary' who has enforceable rights under the contract." Hill v. Sonitrol of Southwestern Ohio, Inc. (1988),36 Ohio St.3d 36, 40 (citation omitted). The third party need not be named in the contract, but must be contemplated by the parties and be sufficiently identified. Chitlik v. Allstate Ins. Co. (1973),34 Ohio App.2d 193, 196. It is an apparent benefit to Verina to have the deficiencies in her septic system corrected. Accordingly, a bond to support corrective action certainly makes Verina an intended third-party beneficiary.
 {¶ 39} I would affirm the lower court's decision with one modification. The record indicates that appellee Verina suffered actual damages of $4,500. The trial court erroneously awarded Verina $9,000 in damages. Therefore, the judgment of the trial court should be modified to reflect damages of $4,500 and, as so modified, that judgment should be affirmed. *Page 1