DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Rene Eady negligently drove her car into Catherine Schneider's car, injuring Ms. Schneider. After Ms. Eady's insurer, Allstate Insurance Co., refused to negotiate, Ms. Schneider sued Ms. Eady for negligence and Allstate for breach of a claimed duty of good faith. The trial court granted Allstate summary judgment on the bad faith claim. Because Ms. Schneider is not a third-party beneficiary of the insurance contract, this Court affirms.
 FACTS {¶ 2} According to Ms. Schneider, after the collision, she demanded a settlement of $313,604.90. Because Allstate never responded, she filed a lawsuit. She named Allstate in her *Page 2 
complaint, alleging that it had not dealt with her in good faith. Allstate eventually offered her $23,000, which was less than the medical expenses she had incurred.
 {¶ 3} Allstate moved for summary judgment on Ms. Schneider's bad faith claim, arguing that it did not owe her any duty. Ms. Schneider responded, arguing that she is a third-party beneficiary of Allstate's insurance contract with Ms. Eady. The trial court agreed with Allstate and granted it summary judgment. At trial, Ms. Eady stipulated to liability, and the jury awarded Ms. Schneider $185,000. Ms. Schneider has appealed, arguing that the trial court incorrectly granted Allstate summary judgment.
 BAD FAITH {¶ 4} Ms. Schneider has argued that she is a third-party beneficiary of the contract between Ms. Eady and Allstate and, therefore, has a valid claim against Allstate for bad faith. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v.Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990).
 {¶ 5} "An insurance company has a duty to act in good faith in settling claims and a breach of that duty will give rise to a cause of action by the insured." Pasipanki v. Morton, 61 Ohio App. 3d 184, 185
(1990) (quoting Bean v. Metro. Prop. Liab. Ins. Co., 9th Dist. No. 13543, 1988 WL 114464 at *1 (Oct. 26, 1988)). That duty, however, "runs only from the insurer to the insured, not to third parties."Id. (quoting Bean, 1988 WL 114464 at *1). A third party, therefore, generally "has no cause of action for bad faith against the tortfeasor's insurance company." Id.; see also Chitlik v. Allstate Ins. Co.,34 Ohio App. 2d 193, 197-98 (1973). *Page 3 
 {¶ 6} Ms. Schneider has argued that this Court's case law on third-party bad faith claims ignores "the present day realities concerning automobile insurance and Ohio's Financial Responsibility Laws." She has argued that, under Section 4509.101(J) of the Ohio Revised Code, she is an intended beneficiary of the insurance policy and has standing to sue Allstate for breaching its duty of good faith.
 {¶ 7} Section 4509.101(A) provides that no person shall operate a motor vehicle without proof of financial responsibility and imposes civil penalties on anyone who does. The purpose of the statute is "to minimize those situations in which persons are not compensated for injuries and damages sustained in motor vehicle accidents. . . ." R.C. 4509.101(J).
 {¶ 8} "[A] promisee must intend that a third party benefit from [a] contract in order for that third party to have enforceable rights under the contract; if the promisee has no intent to benefit a third party, then such party merely becomes an incidental beneficiary with no enforceable rights under the contract." Laverick v. Children's Hosp.Med. Ctr. of Akron Inc., 43 Ohio App. 3d 201, 204 (1988); see alsoGrant Thornton v. Windsor House Inc., 57 Ohio St. 3d 158, 161 (1991) ("Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio."). Because insurance is mandatory under Section 4509.101, a driver who obtains coverage cannot be said to have intended to benefit third parties. Even though its purpose is to ensure that persons injured in motor vehicle collisions are compensated for their injuries, Section 4509.101 does not transform "a standard liability insurance policy [into] a contract for the benefit of a third person." Chitlik v. Allstate Ins. Co.,34 Ohio App. 2d 193, 197 (1973). "The contract is made with the intention of benefiting the insured, not [the person] whom [s]he injures."Id. This Court, therefore, concludes that Ms. *Page 4 
Schneider is only an incidental beneficiary to the insurance contract. The trial court correctly granted Allstate summary judgment on her bad faith claim.
 {¶ 9} Ms. Schneider has also argued that this Court "should follow the growing number of jurisdictions that recognize innocent victims of a negligent driver as third party beneficiaries of contracts between the tortfeasor and their insurance companies." "[A] major change in public policy should emanate from either the General Assembly or the Supreme Court." McDaniel v. Brandywine Mills Inc., 9th Dist. No. 11913,1985 WL 10815 at *1 (May 8, 1985). This Court declines to announce a new rule of law. Ms. Schneider's assignment of error is overruled.
 CONCLUSION {¶ 10} Because Ms. Schneider was not an intended third-party beneficiary of the contract between Allstate and Ms. Eady, she cannot recover from Allstate for failing to negotiate in good faith. The judgment of the Lorain County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 CARR, P. J. MOORE, J., CONCUR. *Page 1