[Cite as *Folck v. Khanzada*, 2012-Ohio-4971.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

NEAL C. FOLCK                           :
                                        :       Appellate Case No.   2012-CA-18
          Plaintiff-Appellant           :
                                        :       Trial Court Case Nos. 11-CVI-4004
v.                                      :
                                        :
ZAKIR KHANZADA                          :       (Civil Appeal from Clark County
                                        :        Municipal Court)
          Defendant-Appellee            :
                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

NEAL C. FOLCK, 4581 Jeremy Avenue, Springfield, Ohio 45502
        Plaintiff-Appellant, *pro se*

ZAKIR KHANZADA, 1016 Whispering Pines, Centerville, Ohio 45458
        Attorney for Defendant-Appellee, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Neal C. Folck appeals pro se from the trial court's dismissal of his small-claims complaint against appellee Zakir Khanzada on the basis of res judicata.

{¶ 2}    The record reflects that Folck filed his pro se complaint on December 22,

2011, alleging that Khanzada had damaged his pontoon boat and had failed to pay for the damage. (Doc. #1). In response, Khanzada filed a pro se letter that the trial court construed as a motion to dismiss. (Doc. #4). Therein, he alleged that Folck previously had filed the same lawsuit against him and a friend, Arif Baig, in Warren County on September 7, 2011. Khanzada claimed the Warren County court had entered final judgment against Folck on the merits. Khanzada attached a number of documents to his motion to support this assertion. (Doc. #4B-K). Khanzada's motion to dismiss essentially raised issues of res judicata and lack of jurisdiction.

{¶ 3}     On February 23, 2012, a magistrate filed a decision sustaining Khanzada's motion and dismissing Folck's lawsuit on the basis of res judicata. (Doc. #6). The magistrate relied on the documents attached to Khanzada's motion and determined that the present lawsuit and the Warren County action both involved a July 9, 2011 boat-rental dispute. The magistrate also questioned whether "venue" was proper in Clark County but did not rely on a lack of venue when dismissing the lawsuit. (*Id.*).

{¶ 4}     Folck objected to the magistrate's decision. (Doc. #7). He argued that the Warren County case involved a different boat-rental agreement with a different date. A copy of this other contract was attached to Folck's objection. It bore the date June 12, 2011, and the signature of  "Arif" rather than Zakir Khanzada. Folck's objection also included a copy of a July 9, 2011 boat-rental contract signed by Khanzada.

{¶ 5}     On March 8, 2012, the trial court overruled Folck's objection and dismissed his lawsuit on the basis of res judicata. It reasoned:

> Plaintiff seeks to recover for damages to his boat, which he alleges were

caused by the defendant during a time when the defendant rented the boat. The Magistrate granted defendant's motion to dismiss, as the matter already had been litigated in case number 2011CVI00945 of the Warren County Court, Small Claims Division. Plaintiff did not prevail in that case, nor did he appeal that Court's decision. Plaintiff now alleges the instant suit is based on a transaction occurring prior to the transaction that served as the subject of the Warren County case. The rental agreement attached to plaintiff's objection is dated June 12, 2011 and is signed by "Arif," with an address of 10565 Falls Creek Road, Dayton. An individual by the same name and with the same address was sued by plaintiff along with Dr. Khanzada in Warren County case 11CVI00945.

Upon review, the Court cannot find error in the magistrate's decision. Accordingly, defendant's motion to dismiss is sustained and plaintiff's complaint is dismissed at plaintiff's cost.

(Doc. #8).

{¶ 6} On appeal, Folck contends the trial court erred in applying res judicata. Although his brief lacks an assignment of error, he asserts that the present lawsuit arises out of the July 9, 2011 rental agreement, whereas the Warren County judgment involved the June 12, 2011 rental agreement. Folck insists res judicata does not apply as the Warren County case involved an entirely different incident. On the other hand, Khanzada contends the present lawsuit and the Warren County case both involved the same incident and, therefore, that res judicata applies.

{¶ 7} Upon review of all the materials included in the record before us, and the various attachments to the briefs, including letters exchanged between the parties, it is readily apparent that the plaintiff is attempting to recover in both the Warren County action, and this Clark County case before us, for damage to the prop of his boat that occurred in June 2011. Although Folck's Warren County small-claims complaint (a copy of which was attached to Khanzada's motion to dismiss below) alleged damage to Folck's boat on July 9, 2011, that complaint was filed as directly forecast in Folck's August 28, 2011 letter, attached to appellee's brief at pp. 20-21, threatening suit if the prop damage, that Folck had repaired on June 22, 2001 (Doc.4i), was not paid. We note Folck's response to Khanzada's motion to dismiss in this case contained a copy of the June 12, 2011 rental agreement and he suggested that it formed the basis of his current lawsuit. (Doc. #5B). However, in his objection to the magistrate's decision (Doc. #7), Folck argued that the present lawsuit involved the July 9, 2011 rental agreement and that the Warren County case actually arose out of the June 12, 2011 agreement, even though the Warren County compliant clearly refers to the July 9, 2011 agreement. Nevertheless, a plain reading of all this material indicates Folck is suing to recover for one damaged prop.

{¶ 8} The problem though is that none of the documentary evidence before us, or that was before the trial court, has been submitted in proper fashion to support the ruling of the trial court. When a defense of res judicata requires consideration of materials outside the record, the defense may not be determined on a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). The procedural method to rule on the res judicata defense was either to convert the Civ.R. 12(B)(6) motion to a motion for summary judgment (as permitted by the rule) or to conduct a trial on the issue.

Had the magistrate and the trial court converted the motion to dismiss to a motion for summary judgment, the record before us would still be deficient because the various materials submitted by the parties were not supported by affidavit or otherwise in the form permitted by Civ.R. 56(C). None of the materials attached to the parties' filings have been authenticated, and "complaints and judgment entries, submitted without affidavit," are not proper Civ.R. 56(C) evidentiary materials.[1] *Id.*, at 109.

{¶ 9}    Even though it may be apparent that the present case and the Warren County case involved the same claim for recovery, such a determination cannot be made on the record before us. The trial court ultimately may or may not be able to make that determination on a more developed record after giving the parties notice and an opportunity to present proper Civ.R. 56(C) evidence.   Or, the trial court may just schedule the matter for trial for resolution of the claims and defenses.

{¶ 10}    For the reasons set forth above, we conclude that the trial court erred in dismissing Folck's complaint on the basis of res judicata. The judgment of the Clark County Municipal Court, Small-Claims Division, is reversed and the cause is remanded for further proceedings.

---

[1] We note that "all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure" except to the extent that the Civil Rules are inconsistent with R.C. Chapter 1925 or rules of court. *See* R.C. 1925.16. Applying Civ.R. 12(B)(6) and Civ.R. 56(C) to small-claims matters is not inconsistent with R.C. Chapter 1925. Similarly, Civ.R. 1(C)(4) provides that the Civil Rules do not govern proceedings in small-claims matters only "to the extent that they would by their nature be clearly inapplicable." We see no reason why Civ.R. 12(B)(6) and Civ.R. 56(C) would be clearly inapplicable in this small-claims action.

Contrarily, we note that the Rules of Evidence do not apply in a small claims case. Evid.R. 101(C)(8). But the requirement for authentication of materials submitted on a Civ.R. 56 motion is encompassed in that civil rule and not the rules of evidence. This presents a peculiar anomaly. The unauthenticated Warren County complaint and letters of the plaintiff could be considered at trial because the rules of evidence don't apply, but they can't be considered on summary judgment because they don't comply with Civ. R.56.

[Cite as *Folck v. Khanzada*, 2012-Ohio-4971.]

. . . . . . . . . . . . .

FROELICH and CELEBREZZE, JJ., concur.

(Hon. Frank Daniel Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Neal Folck
Zakir Khanzada
Hon. Denise L. Moody