[Cite as *Fleming v. Whitaker*, 2013-Ohio-2418.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| GEORGE FLEMING | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|     Plaintiff-Appellant | |
| -vs- | Case No. 12-CA-19 |
| WILL WHITAKER, et al. | |
|     Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Mount Vernon
Municipal Court, Case No. 12-SMI-00082


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    June 10, 2013


APPEARANCES:

For Plaintiff-Appellant    For Defendants-Appellees

GEORGE FLEMING    BRIAN C. REED
PRO SE    REESE, PYLE, DRAKE & MEYER
Post Office Box 961    36 North Second Street, P. O. Box 919
Mount Vernon, Ohio 43050    Newark, Ohio 43058-0919

*Wise, P. J.*

{¶1} Appellant George Fleming appeals the decision of the Mount Vernon Municipal Court, Knox County, which dismissed, under Civ.R. 12(B)(6), his small claims complaint against Appellees State Farm Mutual Automobile Insurance Company ("State Farm") and Will Whitaker. The relevant facts leading to this appeal are as follows.[1]

{¶2} Appellant was purportedly involved in an automobile accident on or about June 20, 2007 with an insured of Appellee State Farm. Appellant's claim against State Farm has apparently still not been resolved to his satisfaction.

{¶3} On July 20, 2012, appellant filed a small claims action in the Mount Vernon Municipal Court, Knox County, against Appellee State Farm and Appellee Will Whitaker, a claim representative for State Farm. Appellant therein alleged: "Defendant refuses to pay valid insurance claim." Appellant further asked for judgment in the amount of $3,000.00 plus interest.

{¶4} On August 7, 2012, appellees filed a motion to dismiss appellant's action, claiming, inter alia, that appellant had failed to state a cognizable claim for relief.

{¶5} On August 14, 2012, appellant filed a "notice of opposition to defendants' motion to dismiss." Appellees filed a reply thereto on August 10, 2012.

{¶6} On August 14, 2012, the trial court issued a judgment entry granting appellees' motion to dismiss on the grounds that appellant was not permitted to file a direct action against State Farm or its representative and, in the alternative, that the statute of limitations had passed.

---

[1] Appellant's brief does not include a statement of the facts, and his short statement of the case provides very limited procedural details. *See* App.R. 16(A).

{¶7} On September 12, 2012, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT COMMITTED ERROR WHEN IT DISMISSED THIS CASE WITHOUT HEARING APPELLANT'S EVIDENCE."

I.

{¶9} In his sole Assignment of Error, appellant contends the trial court erred in granting appellees' motion to dismiss. We disagree.

{¶10} In the judgment entry under appeal in the case sub judice, the trial court referenced the "direct action" rule. This rule provides that in Ohio "[a]n injured person may sue a tortfeasor's liability insurer, but only after obtaining judgment against the insured." *Marks v. Allstate Ins. Co.*, 153 Ohio App.3d 378, 794 N.E.2d 129, 2003-Ohio-4043, ¶ 17, quoting *Chitlik v. Allstate Ins. Co.* (1973), 34 Ohio App.2d 193, 63 O.O.2d 364, 299 N.E.2d 295, paragraph two of the syllabus.

{¶11} The holding in *Chitlik*, *supra*, was based in part on R.C. 3929.06, which presently reads in pertinent part as follows:

{¶12} "(A)(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff or another person for whom the plaintiff is a legal representative and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff or the plaintiff's successor in interest is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.

{¶13} "(2) If, within thirty days after the entry of the final judgment referred to in division (A)(1) of this section, the insurer that issued the policy of liability insurance has not paid the judgment creditor an amount equal to the remaining limit of liability coverage provided in that policy, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor.

{¶14} "(B) Division (A)(2) of this section does not authorize the commencement of a civil action against an insurer until a court enters the final judgment described in division (A)(1) of this section in the distinct civil action for damages between the plaintiff and an insured tortfeasor and until the expiration of the thirty-day period referred to in division (A)(2) of this section.

{¶15} " *** "

{¶16} In the case sub judice, appellant has made no attempt, either in the trial court or in his appellate brief, to document the existence of a "judgment against the insured" that would supply the legal prerequisite for his direct action against Appellee State Farm and its claim representative. Had appellant merely documented to the trial court the existence of such a final judgment in his response to appellees' motion to dismiss (and had appellant provided a compelling response to appellees' claim that the statute of limitations had passed), the court could have moved on to other issues in the case. In his reply brief, appellant nonetheless seems to argue that because R.C.

1925.04(B) permits the filing of a small claims action in "concise, nontechnical form," he should have been allowed to present his evidence and not been subjected to a court dismissal via motion by appellees. However, just as in *Marks*, *supra*, this Court has long recognized that R.C. 3929.06 "is clear that a direct action against the insurer of a tortfeasor is permissible *only* upon the recovery by the injured party of a final judgment." *Secrest Trucking, Inc. v. Szerzinski*, Stark App.No. CA-7298, 1988 WL 17839 (emphasis added). We are unpersuaded by appellant's suggestion that R.C. 1925.04(B) overrides the obligation of a plaintiff in appellant's situation to comply with the direct action rule under Ohio law.

{¶17} Appellant, in his reply brief, also directs us to Civ.R. 1(C)(4), which states that the Civil Rules are inapplicable to small claims matters under Chapter 1925, although only "to the extent that they would by their nature be clearly inapplicable." Appellant also directs us to R.C. 1925.16, which states in pertinent part: "Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure ***." He thus suggests, in apparent reference to the trial court's reliance on Civ.R. 12(B)(6), that the Civil Rules and the Ohio Revised Code are in conflict. However, we agree with the conclusion of the Second District Court of Appeals in *Folck v. Khanzada*, Clark App.No. 2012–CA–18, 2012-Ohio-4971, that the application of Civ.R. 12(B)(6) in small claims matters is not inconsistent with R.C. Chapter 1925. *Id.* at f.n. 1.

**{¶18}** Accordingly, we find the trial court did not err in dismissing appellant's complaint against appellees on the basis that it violated the direct action rule.[2]

**{¶19}** Appellant's sole Assignment of Error is overruled.

**{¶20}** For the reasons stated in the foregoing opinion, the decision of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


_____

_____

_____

JUDGES

JWW/d 0915

---

[2]  Although appellees herein additionally respond that appellant's complaint was also properly dismissed as being violative of the statute of limitations and the doctrine of res judicata, we find further analysis of those issues unnecessary. As an appellate court, we are hesitant to issue advisory or merely academic rulings. *See, e.g.*, *In re Merryman/Wilson Children,* Stark App.Nos. 2004 CA 00056 and 2004 CA 00071, 2004–Ohio–3174, ¶ 59.

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


GEORGE FLEMING                              :
                                           :
    Plaintiff-Appellant                 :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
WILL WHITAKER, et al.                      :
                                           :
    Defendants-Appellees                :               Case No. 12-CA-19


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court of Knox County, Ohio, is affirmed.

Costs assessed to appellant.



                                       _____


                                       _____


                                       _____

                                              JUDGES